UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERITY PROPERTY MANAGEMENT, INC.; J. STEVEN FENDER and LYNN FENDER,<br><br>Plaintiffs,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC. dba TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA dba TRAVELERS INSURANCE, *et al.*,<br><br>Defendants. | No.: 2:18-mc-00129 RSL<br><br>TRAVELERS' COMBINED MOTION FOR CONTEMPT AGAINST, AND TO COMPEL THE DEPOSITIONS OF, JEREMY FENDER AND RENEE FENDER<br><br>NOTED ON THE MOTION CALENDAR:<br>**December 28, 2018** |

## I. INTRODUCTION

Travelers Casualty and Surety Company of America ("Travelers") properly subpoenaed for depositions non-party witnesses Jeremy Fender and Renee Fender, who both without explanation or objection, failed to appear as subpoenaed. Travelers thus moves the Court for (i) an order compelling Jeremy Fender and Renee Fender to appear for and provide deposition testimony pursuant to Fed. R. Civ. P. ("Rule") 45 within 30 days of the Court's Order; and (ii) for an order of contempt pursuant to Rule 45(g) with an award of costs against

TRAVELERS' COMBINED MOTION FOR CONTEMPT AGAINST, AND TO COMPEL THE DEPOSITIONS OF, JEREMY FENDER AND RENEE FENDER    PAGE 1

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

1 | them, jointly.

## II. FACTUAL BACKGROUND

This Motion comes as an ancillary action related to an Idaho federal district court lawsuit in which the parties and their positions are the same as shown here: *Verity, et. al. v. Travelers, et. al.* U.S. District Court for Idaho, case no. 1:18-cv-00032. The Idaho lawsuit involves insurance benefits sought by Plaintiffs pertaining to the alleged theft from Verity Property Management Inc.("Verity"). Attorney Gary Valeriano represents Travelers in the Idaho lawsuit. Valeriano Declaration at ¶¶ 1 and 2.

In the course of his representation of Travelers, Mr. Valeriano sought the deposition testimony of non-party witnesses Jeremy and Renee Fender. Although they are not parties to the Idaho lawsuit, Jeremy and Renee Fender are related to Plaintiffs Steve and Lynn Fender as their son (Jeremy) and daughter in law (Renee). Valeriano @ ¶2.

Jeremy and Renee's testimony is relevant and necessary to the Idaho lawsuit because they are accused by Plaintiffs of stealing money from Verity as former employees of the company. However, during the course of other litigation between Plaintiffs and Jeremy and Renee Fender, Jeremy and Renee have denied the allegations and have claimed they were in fact the owners of Verity. Since the Travelers policy that is central to the Idaho lawsuit provides coverage for "employee theft", the issue of the nature of Jeremy and Renee's relationship to Verity is essential. Valeriano @ ¶2.

As shown by the Exhibits to Mr. Valeriano's Declaration, Jeremy and Renee Fender were properly served with proper deposition subpoenas on timely notice. Their depositions were scheduled for November 28, 2018 in Seattle – less than 10 miles from their known residence address. Valeriano @ ¶8. Jeremy and Renee received witness fee checks. Valeriano @ ¶6.

Before the deposition, Mr. Valeriano called a phone number he understood belonged to Jeremy Fender. Whoever answered the call hung up immediately when Mr. Valeriano

TRAVELERS' COMBINED MOTION FOR CONTEMPT AGAINST, AND TO COMPEL THE DEPOSITIONS OF, JEREMY FENDER AND RENEE FENDER

PAGE 2

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

introduced himself. Mr. Valeriano tried again to reach Mr. Felder, this time by text message to the same number. It read:

> Jeremy. This is Gary Valeriano and I would like to discuss your deposition with you if I could. I want to accommodate any concerns or inconvenience if I can. My client Travelers is in litigation with your parents and your deposition is informational only. You are not a party.

Mr. Valeriano received no response. Valeriano @ ¶¶ 3 and 4. More important, Jeremy and Renee Felder never objected to, or moved for protections or to quash, Travelers' subpoenas. Valeriano @ ¶7. Neither did the Plaintiffs. Id.

Mr. Valeriano flew into Seattle for the depositions. Neither Jeremy nor Renee appeared. Valeriano @ ¶8. After a reasonable length of time, Mr. Valeriano verified the witnesses' non-appearance on the record with the attending court reporter.

As a result of Jeremy and Renee's violation of the deposition subpoenas, Travelers incurred $1,764.59 in fees and expenses. Valeriano @ ¶9. Jeremy and Renee should be held responsible pursuant to this Motion, which will be served via email to counsel for the parties herein named, and delivered to Jeremy and Renee Fender as soon as possible. See McCormack Declaration.

## III. EVIDENCE RELIED UPON

This motion relies upon the declaration of Travelers' attorney, Gary Valeriano, and the exhibits attached thereto, along with the Declaration of Travelers' undersigned attorney Michael McCormack.

## IV. AUTHORITY AND ARGUMENT

**A.** **Travelers properly issued the deposition subpoena.**

Rule 45(a)(1) generally requires subpoenas to: (i) state the issuing court; (ii) state the title of the action and the cause number; (iii) command the person to whom the subpoena is directed to attend and testify at a specified time and place; and (iv) set the text of Rule 45(d) and (e). The subpoena must also state the method for recording testimony, must issue from the

court where the action is pending, and must be signed by an attorney authorized to practice in the issuing court.[1] The place of compliance for a deposition subpoena is proper if the location is "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]"[2]

Here, all requirements are satisfied. Travelers' subpoena properly identifies the United States District Court for the District of Idaho as the issuing court, states the title of the action and its cause number, and commanded the Fenders to attend and testify at 1700 Seventh Avenue, Suite 1810, Seattle WA 98101 on November 29, 2018. The text of Rule 45(d) and (e) is set out in the subpoenas; the text indicates the depositions will be recorded stenographically, and are signed by Gary J. Valeriano, who is admitted Pro Hac Vice to the issuing court. The location of the deposition is less than ten miles from the Fenders' home address where they were served with the subpoenas. See Valeriano Declaration, Exhibit E and F.

**B.** **Travelers properly served the deposition subpoena.**

A deposition subpoena is properly served by delivering a copy to the named person and tendering fees for attendance and mileage.[3] The subpoena to Jeremy Fender was served on November 11, 2018 and $42.00 in witness fees were paid. The subpoena to Renee Fender was served on November 14, 2018 and $42.00 in witness fees were paid. See Valeriano Declaration, Exhibits E and F.

**C.** **Both Jeremy Fender and Renee Fender failed to obey Travelers' subpoena without adequate excuse.**

In general, a party make take the deposition of any person without the court's

---

[1] Fed. R. Civ. P. 45(a)(1), (a)(2), and (a)(3).
[2] Fed. R. Civ. P. 45(c)(1)(A).
[3] Fed. R. Civ. P. 45(b)(1).

permission.[4] "The deponent's attendance may be compelled by subpoena under Rule 45."[5] A non-party who has been served with a subpoena, but fails to obey the subpoena without adequate excuse may be held in contempt.[6]

The subpoenas are dated October 19, 2018 and both Jeremy and Renee Fender were properly served on November 11 and 14, 2018, respectively. Both witnesses had 14 days or more to comply with, object, or move to quash the subpoena, but instead did nothing. Their failure to obey or even respond to the subpoena without any reason is inexcusable. As such, this Court should hold both Jeremy and Renee Fender in contempt.

### D. Meet and confer is not a condition precedent to this motion.

The meet and confer requirements of Rule 37 are inapplicable to motions to compel brought under Rule 45.[7]

## V. CONCLUSION

Travelers perfected the right to take Jeremy and Renee Fender's depositions. Still, the witnesses made no effort to comply, object or respond. They violated the subpoenas. Travelers is entitled to (i) an Order requiring both Jeremy and Renee Fender to make arrangements with Travelers' attorney Gary Valeriano for their depositions to be taken within 30 days of the Court's Order; and (ii) an Order holding the Fenders in contempt and, accordingly, jointly responsible to pay to Travelers through Mr. Valeriano Travelers costs and fees of $1,764.59, which should be paid within the same 30 day period from the Court's Order.

---

[4] *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1222, 100 Fed.R.Serv.3d 329 (9th Cir. 2018) (citing Fed. R. Civ. P. 30(a)(1).

[5] *Id.*

[6] *Id.* at 1224 (citing Fed. R. Civ. P. 45(g)).

[7] *Estate of Lynott by and through Lynott v. Luckovich*, 2016 WL 11271942, at *1 (W.D. Wash. 2016) (citing *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, n.4 (9th Cir. 1983); *Chandola v. Seattle Housing Auth.*, 2014 WL 4685351, at *7 (W.D. Wash. 2014)).

DATED: December 13, 2018

BULLIVANT HOUSER BAILEY PC

By /s/ Michael McCormack
Michael McCormack, WSBA #15006
E-mail: michael.mccormack@bullivant.com
Attorneys for Travelers

4814-2473-7922.1

TRAVELERS' COMBINED MOTION FOR CONTEMPT AGAINST, AND TO COMPEL THE DEPOSITIONS OF, JEREMY FENDER AND RENEE FENDER

PAGE 6

Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930